MILLS COUNTY ABSTRACT COMPANY, Appellant v. BOARD OF REVIEW of Glenwood, Appellee.

No. 41637.

JUNE 20, 1933.

H. M. Logan, for appellant.

Genung & Genung, for appellee.

CLAUSSEN, J.—Appellant is an Iowa corporation engaged in the making of abstracts of title to real property, in Glenwood, Iowa. It owns a set of abstract books and certain office equipment. Two questions are presented by the appeal: (1) What is the value of appellant's personal property? and (2) Should such property be assessed as personal property?

I. Concerning the valuation of the personal property, the record discloses considerable variation in the estimates of the witnesses. The variation is from $1,000 to $10,000. We conclude that the valuation placed on the property, by the trial court, to wit, $2,000, is correct.

II. It is appellant's contention that, under the statutes in relation to the taxation of personal property of corporations, such property should not be assessed against the corporation, but its value should be taken into consideration in determining the value of its shares of stock, and a tax levied against the capital stock of the corporation at the rate levied upon moneys and credits. The trial court overruled appellant's contentions in this regard. The solution to the problem must be found in the statutes.

Code sections 6944 to 6952, inclusive, contain the general provisions in relation to the exemption of property from taxation. Section 6953 provides that all property, not exempted by the sections above referred to, is subject to taxation. Personal property of a corporation is not exempted from taxation in the sections referred to, nor by any other section of the Code, and consequently is subject to taxation under Code section 6953, above referred to. Section 7008 reads as follows:

"Shares of stock. The shares of stock of any corporation

organized under the laws of this state, except corporations otherwise provided for in chapters 330 to 341, inclusive, and except as provided in section 7102, shall be assessed to the owners thereof as moneys and credits at the place where its principal business is transacted. The assessment shall be on the value of such shares on the first day of January in each year. In arriving at the assessable value of the shares of stock of such corporations, the amount of their capital actually invested in property other than moneys and credits shall be deducted from the actual value of such shares. *Such property other than moneys and credits shall be assessed as other like property."*

Section 7009 provides:

"Every such corporation * * * shall furnish to the assessor * * *:

"5. An itemized list of all other property owned by said corporation, except moneys and credits, together with the location thereof, and the amount of capital actually invested therein."

Under the very terms of the statute the amount of capital of a corporation actually invested in personal property is deducted, and the value of its shares of stock for the purpose of taxation is determined after such deduction is made, and the shares, so valued, are then assessed as moneys and credits. It cannot be held that the value of the personal property is to be included in determining the value of the shares of stock, for the statute says that such property shall be assessed as other like property. Manifestly, personal property, other than moneys and credits, is assessable against the corporation and is subject to the general tax levy.

Appellant urges that, unless the property is assessed in accordance with its theory, double taxation results, but an examination of the operation of the law demonstrates that this is not true. The capital of a corporation invested in personal property is deducted in determining the value of the shares of stock for the purpose of taxation. Consequently, the personal property is not taxed in the levy made against the shares of stock. Such property is first taxed when it is assessed as such against the corporation.

We have carefully examined the many cases cited by appellant, and do not find the rules therein laid down inconsistent with our construction of the statutes. We should perhaps add that no moneys and credits are among the personal property involved in this matter.

The judgment appealed from is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.